**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THERON D. HALL,

Petitioner-Appellant,

v.

MARK NOOTH,

Respondent-Appellee.

No.   19-35248

D.C. No. 2:14-cv-00569-SB

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 6, 2021
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Theron Hall, an Oregon state prisoner, appeals the district court's denial of

his habeas petition under 28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C.

§ 2253, and we affirm.

We review a district court's denial of a § 2254 petition de novo.  *Cain v.

Chappell*, 870 F.3d 1003, 1012 (9th Cir. 2017).  To establish ineffective assistance

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of counsel, Hall must demonstrate both deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Hall's petition is also governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which bars relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). When, as here, the decision of the highest state court is unreasoned, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . [and] then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, the last reasoned decision is the decision of the Oregon circuit court that denied Hall's petition for post-conviction relief.

We assume without deciding that Hall can show deficient performance and that none of his claims are procedurally defaulted. Even so, Hall cannot show prejudice. To make that showing, Hall had to demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693). And under AEDPA,

the state court's resolution of the *Strickland* prejudice inquiry must be objectively unreasonable. *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011).

In this case, the state court could reasonably conclude that even if counsel was deficient in pursuing a guilty except for insanity (GEI) defense instead of an intoxication defense, or that counsel acted deficiently in the manner in which they advanced the GEI defense, the result would not have been different given the overwhelming evidence that Hall intended to shoot Hernandez-Sanchez. Among other things, Hall earlier in the evening announced his intention to "pop" someone to get money. He later put a gun to Hernandez-Sanchez's head, shooting him at point-blank range. And while Hall claims an intoxication defense would have succeeded, the evidence that Hall was intoxicated was mixed at best. It would therefore not be objectively unreasonable for the state habeas court to conclude that the result of Hall's proceeding would not have been different absent counsel's claimed ineffectiveness.

**AFFIRMED.**